UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MESA OIL, INC. | ) | |
| d/b/a Mesa Environmental | ) | |
| | ) | Case No. 17-14004-EEB |
| | ) | |
| EIN: 85-0295589 | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR AN ORDER AUTHORIZING (A) PAYMENT OF PREPETITION EMPLOYEE WAGES AND SALARIES; AND (B) PAYMENT OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS**

The Debtor, Mesa Oil, Inc. d/b/a Mesa Environmental ("Debtor"), by and through its attorneys, Kutner Brinen, P.C., moves the Court for entry of an Order authorizing: (a) payment of employee wages and salaries; and (b) payment of all costs and expenses incident to the foregoing payments, and as grounds therefor states as follows:

1. The Debtor filed its voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on May 2, 2017 ("Petition Date"). The Debtor remains a debtor-in-possession.

2. The Debtor is a wholesale supplier and processor of blended fuel products, and recycles used oil, fuel, antifreeze, and related products through its facilities in Colorado, Arizona, and New Mexico.

3. As of the Petition Date, the Debtor has 34 employees ("Employees"). In the ordinary course of business, the Employees are paid every two weeks.

4. It is necessary for the Debtor to compensate Employees. The continued uninterrupted service of the Employees is essential to the Debtor's continued operations.

5. As of the Petition Date, the Debtor owed its Employees gross wages totaling $85,056.39 ("Prepetition Wages"), comprised of deductions for federal and state withholding taxes, Medicare, and social security in the amount of $23,179.64, and net pay to Employees in the amount of $61,876.75. A list of the employees and the amounts due is attached hereto as Exhibit A.

6. The Debtor seeks authority to pay or honor, in its sole discretion, any Prepetition Wages that remain unpaid as of the Petition Date.

7. Any delay in paying prepetition wages and paycheck deductions will adversely affect the Debtor's relationship with its Employees and will irreparably impair Employee morale at the time when the dedication, confidence, and cooperation of its Employees is most critical. Employee support is critical for the success of the Debtor's ongoing operations. The Debtor cannot risk a substantial disruption to its business operations that would accompany a failure to pay or honor Prepetition Wages in the ordinary course.

8. The amount represented by Prepetition Wages is needed to enable the Employees to meet their personal obligations and to satisfy mandatory payroll deduction deductions, including payroll taxes. Many of these Employees live paycheck to paycheck and rely exclusively on receiving their full compensation and job-related benefits in order to meet their ordinary living expenses. Without the requested relief, the stability of the Debtor would be undermined by the potential threat that otherwise loyal Employees would seek other employment or would be so distracted by issues concerning compensation that they would not operate at peak efficiency at a time when the Debtor needs their full performance and cooperation the most.

9. Under Bankruptcy Code § 507(a)(4), each Employee may be granted a priority claim for:

> allowed unsecured claims, but only to the extent of $12,850 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the Debtor's business, whichever occurs first, for –
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or service for the Debtor in the ordinary course of the Debtor's business if, and only if, during the 12 months preceding that date, at lease 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the Debtor . . .

11 U.S.C. § 507(a)(4).

10. The Payroll Wages for each Employee is well within the $12,850 maximum under 11 U.S.C. §507(a)(4). All of the Employee claims that the Debtor seeks to pay in the ordinary course of

business are entitled to priority pursuant to Bankruptcy Code § 507(a)(4). Granting the relief sought herein with respect to claims entitled to such priority would affect only timing, and not the amount, of the payment to be made to the Employees.

11. Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and the "necessity of payment" doctrine, the Debtor seeks authority to pay its outstanding Payroll Obligations. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor-in-possession to use property of the estate other than in the ordinary course of business after notice and a hearing. Section 105(a) of the Bankruptcy Code further provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

12. The Employees are a mixture of hourly and salaried employees. The Employees are vital to the Debtor's ongoing operations, and if the Employees are not paid on time, will likely quit, resulting in a severe detriment to the Debtor's ongoing operations and a significant loss of revenue.

13. The Debtor will have sufficient funds on hand to pay the Payroll Obligation. The Debtor's funds are cash collateral in which the IRS and Vertex Refining LA, LLC ("Vertex") may have an interest. The IRS and Vertex, as well as all creditors and parties in interest, will receive notice of this Motion.

WHEREFORE, the Debtor prays that the Court make and enter an order authorizing the Debtor, in its sole discretion, to pay the Payroll Obligations to its Employees and related parties, including taxing authorities, that accrued but remained unpaid as of the Petition Date; and for such further and additional relief to the Court appears proper.

DATED: May 3, 2017

Respectfully submitted,

By: */s/ Keri L. Riley*

Jeffrey S. Brinen, #20565
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
Email: klr@kutnerlaw.com