UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 17-14004-EEB |
| MESA OIL, INC. | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Employer's Tax Identification No.: | ) | |
| 85-0295589 | ) | |

**PLAN OF REORGANIZATION**

**DATED OCTOBER 25, 2017**

Mesa Oil, Inc. ("Debtor"), Debtor and Debtor-in-Possession, hereby proposes the following Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code.

**ARTICLE I**

**INTRODUCTION**

The Debtor is a New Mexico corporation engaged in business as a wholesale supplier and processor of blended fuel products, and recycles used oil, fuel, antifreeze, and related products through its facilities in Colorado, Arizona and New Mexico. The Debtor's main offices are located at 6395 East 80th Avenue, Commerce City, Colorado 80022. Lawrence Meers ("Meers") is the 100% owner of the Debtor, and is the CEO of the Debtor and manages the Debtor's day-to-day affairs.

This Plan provides for the reorganization of the Debtor under Chapter 11 of the Bankruptcy Code. Pursuant to the Plan, the Debtor shall restructure its debts and obligations and continue to operate in the ordinary course of business. A more complete history of the Debtor, its operations, an explanation of this Plan, and a

1

description of the Debtor's financial condition and future business activity is contained in the Disclosure Statement which accompanies this Plan.  Reference should be made to the Disclosure Statement by all creditors and parties who intend to cast a ballot for or against this Plan.

## ARTICLE II

## DEFINITIONS

2.01 - <u>Administrative Claim</u> shall mean a Claim for payment of an administrative expense of a kind specified in § 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code, including, but not limited to: (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the estate and operating the business of the Debtor, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (b) Professional Fee Claims; (c) all fees and charges assessed against the estates under 28 U.S.C. § 1930; and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under § 546(c)(2) of the Bankruptcy Code.

2.02 - <u>Allowed Claim</u> shall mean a claim in respect of which a Proof of Claim has been filed with the Court within the applicable time period of limitation fixed by Court Order in this case or scheduled in the list of creditors prepared and filed with the Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no timely objection to the allowance thereof has been filed pursuant to Bankruptcy Rules 3001 and 3007 or as to which any such objection has been determined by a Final Order.

2.03 - <u>Allowed Secured Claim</u> shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under § 553 of the Code, to the extent of the value (determined in accordance with § 506(a) of the Code) of the interest of the holder of any such allowed claim and the Debtor's interest in such property or to the extent of the amount subject to such setoff as the case may be.

2.04 - <u>Avoidance Actions</u> means the Debtor's estate's interest in any and all Claims, rights and causes of action which have been or may be commenced by or on behalf of the Debtor to avoid and recover any transfers of property determined to be preferential, fraudulent or otherwise avoidable pursuant to §§ 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, or under any other applicable law, or otherwise subject to equitable subordination under §510 of the Bankruptcy Code, regardless of whether or not such actions have been commenced prior to the Effective Date.

2.05 - <u>Claim</u> shall mean any right to payment, or right to any equitable remedy for breach of performance if such breach gives rise to the right to payment, against the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

2.06 - <u>Class</u> shall mean any Class into which Allowed Claims are classified pursuant to Article III.

2.07- <u>Class 1-10 Claims and Interests</u> shall mean the Allowed Claims and Interests so classified in Article III.

2.08 - <u>Code</u> shall mean the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and any amendments thereof.

2.09 - <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

2.10 - <u>Court</u> shall mean the United States Bankruptcy Court for the District of Colorado in which the Debtor's Chapter 11 case is pending, pursuant to which this Plan is proposed, and any Court having competent jurisdiction to hear appeal or certiorari proceedings therefrom.

2.11 - <u>Debtor</u> shall mean the Debtor who is proposing this Chapter 11 Plan.

2.12 - <u>Disclosure Statement</u> shall mean the Disclosure Statement which is approved by the Court according to 11 U.S.C. § 1125 to be utilized to solicit votes for this Plan.

2.13 - <u>Disputed Claim</u> means any Claim which is not an Allowed Claim, including, without limitation, any Claim designated as disputed, contingent or unliquidated in Debtor's schedules filed in connection with this case, or any Claim

against which an objection to the allowance thereof has been interposed, and as to which no Final Order has been entered.

2.14 - <u>Effective Date of the Plan</u> shall mean the date on which the Order of Confirmation is entered and becomes final, or if a stay is entered pending appeal of the Order of Confirmation, the date on which the stay is no longer in effect.

2.15 - <u>Final Order</u> shall mean an order or judgment of the Court which shall not have been reversed, stayed, modified or amended and as to which (a) the time to appeal from or to seek review, rehearing or certiorari shall have expired, and (b) no appeal or petition for review, rehearing or certiorari is pending or if appealed shall have been affirmed, or the appeal dismissed by the highest court to which such order was appealed, or if review, rehearing or certiorari was sought, such review, rehearing or certiorari has been denied and no further hearing, appeal or petition for review, rehearing or certiorari can be taken or granted or as to which any right to appeal or to seek a review, rehearing or certiorari has been waived.

2.16 - <u>Gross Revenue</u> shall mean the gross revenue actually received by the Debtor from the operation of its business, less sales and other taxes collected.

2.17 - <u>Interest</u> shall mean any member or shareholder interest or any other instrument evidencing any ownership interest in the Debtor and any option, warrant or right of any nature, contractual or otherwise, to acquire a member or other ownership interest in the Debtor existing as of the Petition Date.

2.18 - <u>Order of Confirmation</u> shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

2.19 - <u>Petition Date</u> shall mean the date on which the voluntary petitions were filed by the Debtor on May 2, 2017.

2.20 - <u>Plan</u> shall mean this Plan of Reorganization, as amended in accordance with the terms hereof or modified in accordance with the Code, including all exhibits and schedules attached hereto or referenced herein or therein.

2.21 - <u>Priority Claim</u> means any pre-petition Claim entitled to a priority in payment under § 507(a) of the Code, but shall not include any Administrative Claim or Tax Claim.

2.22 - <u>Pro Rata</u> shall mean the ratio of an Allowed Claim or Interest in a particular Class to the aggregate amount of all Allowed Claims or Interests in that Class.

2.23 - <u>Professional Fees</u> means the Administrative Claims for compensation and reimbursement submitted pursuant to Section 330, 331 and 503(b) of the Code by a Professional Person.

2.24 - <u>Rules</u> shall mean the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the District of Colorado as adopted by the Court.

2.25 - <u>Tax Claim</u> means any unsecured Claim of a governmental unit for taxes entitled to priority pursuant to 11 U.S.C. § 507(a)(8).

2.26 - <u>Unclassified Priority Claims</u> shall mean Claims pursuant to Section 507(a)(2) which are Administrative Claims allowed under Section 503(b) of the Code and any fees and charges against the estate under Chapter 123 of Title 28 of the United States Code and shall further mean Allowed Unsecured Claims of governmental units to the extent provided for in Section 507(a)(8) of the Code.

2.27 - <u>Other Definitions</u>.  Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in the Plan but that is defined in the Code or Rules shall have the meaning set forth therein.

## ARTICLE III

## DESIGNATION OF CLAIMS AND INTERESTS

The following is a designation of all classes of Claims and Interests other than those Claims of a kind specified in Sections 507(a)(2), 507(a)(3) or 507(a)(8) of the Code.

<u>Class 1</u> - All Allowed Unsecured Claims specified in Section 507(a)(4) and 507(a)(5) of the Code as having priority.

<u>Class 2</u> – The Allowed Secured Claim held by the Internal Revenue Service

<u>Class 3</u> – The Allowed Secured Claim held by the Colorado Department of Revenue.

Class 4 – The Allowed Secured Claim held by the New Mexico Taxation and Revenue Department.

Class 5– The Allowed Secured Claim held by the Adams County Treasurer.

Class 6 – The Allowed Secured Claim held by the Valencia County Treasurer.

Class 7 – The Allowed Secured Claim held by Vertex Refining LA, LLC

Class 8 – The Allowed Secured Claim held by Transwest

Class 9 – The Allowed Claims held by unsecured creditors.

Class 10 – The Interests in the Debtor.

## ARTICLE IV

## SPECIFICATION AND TREATMENT OF UNCLASSIFIED PRIORITY CLAIMS

As provided in Section 1123(a)(1) of the Code, the Claims against the Debtor covered in this Article IV are not classified. The holders of such Allowed Claims are not entitled to vote on the Plan.

4.1 - The holders of Allowed Claims of the type specified in Section 507(a)(2) of the Code, Administrative Claims, shall receive cash equal to the allowed amount of such Claim or a lesser amount or different treatment as may be acceptable and agreed to by particular holders of such Claims.  Such Claims shall be paid in full on the Effective Date of the Plan, or treated as otherwise agreed to by the particular holders of such Claims.  Section 507(a)(2) Administrative Claims that are allowed by the Court after the Effective Date of the Plan shall be paid upon allowance or as otherwise agreed.

4.2 - The Allowed Claims of a type specified in Section 507(a)(8) of the Code, Tax Claims of governmental taxing authorities, shall be treated as follows:

4.2.1 – The Internal Revenue Service ("IRS") holds a priority claim that is also secured by a valid lien against substantially all of the Debtor's assets. Pursuant to 11 U.S.C. §1129(a)(9)(D), the IRS claim will be treated as a secured claim in Article VI, Paragraph 6.1 of this Plan.

4.2.2 – The Colorado Department of Revenue ("CDOR") holds a priority claim that is also secured by a valid lien against substantially all of the Debtor's assets located in the State of Colorado. Pursuant to 11 U.S.C. §1129(a)(9)(D), the CDOR claim will be treated as a secured claim in Article VI, Paragraph 6.2 of this Plan.

6

4.2.3 – The New Mexico Taxation & Revenue Department ("NMRD") holds a priority claim that is also secured by a valid lien against substantially all of the Debtor's assets located in the State of New Mexico. Pursuant to 11 U.S.C. §1129(a)(9)(D), the NMRD claim will be treated as a secured claim in Article VI, Paragraph 6.3 of this Plan.

4.2.4 – The Adams County Treasurer ("Treasurer") holds a priority claim that is also secured by a valid lien against substantially all of the Debtor's assets located in the State of Colorado, Adams County. Pursuant to 11 U.S.C. §1129(a)(9)(D), the Treasurer claim will be treated as a secured claim in Article VI, Paragraph 6.4 of this Plan. The Debtor shall have the option to accelerate payments without penalty.  The first monthly payment shall be due on the last day of the first full month following the Effective Dates.

4.3 - The Debtor will make all payments required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) until the case is closed, converted, or dismissed.  All payments due to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date, and the U.S. Trustee shall thereafter be paid fees due on a quarterly basis until the case is closed, converted, or dismissed.

## ARTICLE V
## SPECIFICATION AND TREATMENT OF CLASS 1 CLAIMS

5.1 - Allowed Class 1 Claims shall be paid in full on the Effective Date.  The Class 1 Claims for certain pre-petition wages and employee Claims are more particularly described in Sections 507(a)(4) and 507(a)(5) of the Code.  The Debtor does not expect that any claims will exist in these Classes.

## ARTICLE VI

## SPECIFICATION AND TREATMENT OF SECURED CREDITOR CLAIMS

6.1 – **Internal Revenue Service.** The Class 2 Secured Claim consists of the Allowed Secured Claim held by the Internal Revenue Service ("IRS"). Class 2 is impaired by the Plan.  The Class 2 claim will be treated under this Plan as follows:

a. The principal amount of the Class 2 claim will be allowed in the amount due on the Effective Date of the Plan in accordance with the proof of claim filed by the IRS or in an amount otherwise allowed by the Court.  Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral securing the claim and unsecured for the balance.

b. The lien position held by the Class 2 claimant shall be unaltered by the Plan, and shall remain in effect until the Class 2 creditor's secured claim is satisfied or the underlying Property is sold.

c. As of the Effective Date of the Plan, the Class 2 claim shall bear interest at the applicable statutory rate of interest.

d.      The holder of the Class 2 Claim shall receive equal monthly installments of principal and interest such that the Class 2 Claim shall be paid in full within five (5) years of the Petition Date.  The amount of each payment shall be the same amount as set forth in the Amended Stipulated Order Authorizing Use of Cash Collateral (Docket No. 83).

e. The Debtor may pre-pay the Class 2 Claim, including all principal and interest, without penalty at any time.

6.2 – **Colorado Department of Revenue.** The Class 3 Secured Claim consists of the Allowed Secured Claim held by the Colorado Department of Revenue ("CDR") secured by a statutory lien on the Debtor's assets located in the State of Colorado.  The Class 3 Secured Claim is impaired by this Plan.  The Class 3 Claim will be treated under the Plan as follows:

a. The principal amount of the Class 3 claim will be allowed in the amount due on the Effective Date of the Plan in accordance with the proof of claim filed by the CDR or in an amount otherwise allowed by the Court.  Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral securing the claim and unsecured for the balance.

b. The lien position held by the Class 3 claimant shall be unaltered by the Plan, and shall remain in effect until the Class 3 creditor's secured claim is satisfied or the underlying Property is sold.

c. As of the Effective Date of the Plan, the Class 3 claim shall bear interest at the applicable statutory rate of interest.

d.      The holder of the Class 3 Claim shall receive equal monthly installments of principal and interest such that the Class 3 Claim shall be paid in full within five (5) years of the Petition Date.  The amount of each payment shall be the same amount as set forth in the Amended Stipulated Order Authorizing Use of Cash Collateral (Docket No. 83).

e. The Debtor may pre-pay the Class 3 Claim, including all principal and interest, without penalty at any time.

**6.3 – New Mexico Taxation & Revenue Department.**  The Class 4 Secured Claim consists of the Allowed Secured Claim held by the New Mexico Taxation and Revenue Department ("NMTRD") secured by a statutory lien on the Debtor's assets located in the State of New Mexico. The Class 4 Secured Claim is impaired by this Plan.  The Class 4 Claim will be treated under the Plan as follows:

a. The principal amount of the Class 4 claim will be allowed in the amount due on the Effective Date of the Plan in accordance with the proof of claim filed by the NMTRD or in an amount otherwise allowed by the Court.  Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral securing the claim and unsecured for the balance.

b. The lien position held by the Class 4 claimant shall be unaltered by the Plan, and shall remain in effect until the Class 4 creditor's secured claim is satisfied or the underlying Property is sold.

c. As of the Effective Date of the Plan, the Class 4 claim shall bear interest at the applicable statutory rate of interest.

d.      The holder of the Class 4 Claim shall receive equal monthly installments of principal and interest such that the Class 4 Claim shall be paid in full within five (5) years of the Petition Date.  The amount of each payment shall be the same amount as set forth in the Amended Stipulated Order Authorizing Use of Cash Collateral (Docket No. 83).

e. The Debtor may pre-pay the Class 4 Claim, including all principal and interest, without penalty at any time.

**6.4 – Adams County Treasurer**.  The Class 5 Secured Claim consists of the Allowed Secured Claim held by the Adams County Treasurer secured by a statutory lien on the Debtor's personal property located in Adams County, Colorado.  The Class 5 Secured Claim is impaired by this Plan.  The Class 5 Claims will be treated under the Plan as follows:

a. The principal amount of the Class 5 claim will be allowed in the amount due on the Effective Date of the Plan in accordance with the proof of claim filed by the Adams County Treasurer or in an amount otherwise allowed by the Court. Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral securing the claim and unsecured for the balance.

b. The lien position held by the Class 5 claimant shall be unaltered by the Plan, and shall remain in effect until the Class 5 creditor's secured claim is satisfied or the underlying Property is sold.

c. As of the Effective Date of the Plan, the Class 5 claim shall bear interest at the applicable statutory rate of interest.

d.     The holder of the Class 5 Claim shall receive equal monthly installments of principal and interest such that the Class 5 Claim shall be paid in full within five (5) years of the Petition Date.

e. The Debtor may pre-pay the Class 5 Claim, including all principal and interest, without penalty at any time.

**6.5 – Valencia County Treasurer**. The Class 6 Secured Claim consists of the Allowed Secured Claim held by the Valencia County Treasurer secured by a statutory lien on the Debtor's personal property located in Valencia County, Colorado.  The Class 6 Secured Claim is impaired by this Plan.  The Class 6 Claim will be treated under the Plan as follows:

a. The principal amount of the Class 6 claim will be allowed in the amount due on the Effective Date of the Plan in accordance with the proof of claim filed by the Valencia County Treasurer or in an amount otherwise allowed by the Court.  Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral securing the claim and unsecured for the balance.

b. The lien position held by the Class 6 claimant shall be unaltered by the Plan, and shall remain in effect until the Class 6 creditor's secured claim is satisfied or the underlying Property is sold.

c. As of the Effective Date of the Plan, the Class 6 claim shall bear interest at the applicable statutory rate of interest.

d.   The holder of the Class 6 Claim shall receive equal monthly installments of principal and interest such that the Class 6 Claim shall be paid in full within five (5) years of the Petition Date.

e. The Debtor may pre-pay the Class 6 Claim, including all principal and interest, without penalty at any time.

**6.6 – Vertex Refining LA, LLC.** The Class 7 Secured Claim consists of the Allowed Secured Claim held by Vertex Refining LA, LLC secured by certain vehicles and equipment. The Class 7 Secured Claim is impaired by this Plan.  The Class 7 Secured Claim will be treated and paid as follows:

a.   The principal amount of the Class 7 Claim will be allowed: (i) in an amount agreed to by the Debtor and the Class 7 claimant on or before the Confirmation Date; or (ii) if the Class 7 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date;

b.   The Class 7 Claim will bear interest at the rate of: (i) 5.75% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 7 claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 7 claimant;

c.   The Class 7 claimant will retain its liens on vehicles that secured its Claim as of the Petition Date;

d.   The Class 7 Claim will be amortized and paid in full in equal monthly installments over five (5) years following the Effective Date of the Plan. Payments on account of the Class 7 Claim shall begin the first full month following the Effective Date of the Plan.

11

e.    The Debtor shall be entitled to pre-pay the Class 7 Claim without premium or penalty.

**6.7 – Transwest Freightliner, LLC d/b/a Transwest Truck Trailer RV.** The Class 8 Secured Claim consists of the Allowed Secured Claim held by Transwest Freightliner, LLC d/b/a Transwest Truck Trailer RV ("Transwest") secured by a lien on certain vehicles. The Class 8 Secured Claim is impaired by this Plan.  The Class 8 Secured Claim will be treated and paid as follows:

a.    The principal amount of the Class 8 Claim will be allowed: (i) in the amount owed on the Confirmation Date; or (ii) if the Class 8 Claimant objects, in an amount to be determined by the Court on or before the Confirmation Date;

b.    The Class 8 Claim will bear interest at the rate of: (i) 5.5% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 8 claimant objects to such rate in writing and serves a copy of such objection on the Debtor at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. §1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 8 claimant;

c.    The Class 8 claimant will retain its liens on vehicles that secured its Claim as of the Petition Date;

d.    The Class 8 Claim amortized and paid in full in equal monthly installments over forty-eight (48) months beginning on the Effective Date of the Plan.

e.    The Debtor shall be entitled to pre-pay the Class 8 Claim without premium or penalty.

## ARTICLE VII
## SPECIFICATION AND TREATMENT OF
## UNSECURED CREDITOR CLAIMS

7.1 – Class 9 consists of those unsecured creditors of the Debtor who hold Allowed Claims.  After the Effective Date of the Plan, Class 9 claimants shall receive a pro-rata distribution equal to 4% of the Debtor's Gross Revenue generated over the

five-year period or until Class 9 claims are paid in full, less the amount necessary to pay any Unclassified Priority Claimant who agrees to accept deferred payment of its claim ("Class 8 Distribution").  Commencing on the first full month following the Confirmation Date, the Debtor shall at the conclusion of each month, set aside in a segregated account, an amount equal to 4% of the preceding month's Gross Revenue. Each time three months payments have been set aside, the Debtor shall make any payment due to Unclassified Priority Claimants and then the Class 9 Distribution will be made to Class 9 creditors on a pro-rata basis.

      a.      At any time following the Effective Date of the Plan, the Debtor may buy out or prepay the Class 9 claims by paying the remaining principal balance due on each Class 9 claim.  Once the pre-payment is made, no further payments shall be due to Class 9.

7.2 - In addition to the distribution set forth above, Class 9 shall be entitled to receive the proceeds whether obtained by litigation or settlement, net of attorney fees, expert fees, costs, obtained from any action undertaken by the Debtor to collect Avoidance Actions and net of any unpaid Unclassified Priority Claims.

## ARTICLE VIII
## SPECIFICATION AND TREATMENT OF CLASS 10 INTERESTS

8.1 – Class 10 includes the Interests in the Debtor held by the pre-confirmation interest holders.  Class 10 is unimpaired by this Plan.   On the Effective Date of the Plan Class 9 shall retain its Interests in the Debtor which they owned prior to the Confirmation Date, subject to the terms of the Plan.

## ARTICLE IX
## MEANS FOR THE PLAN'S EXECUTION

9.1 - **Operation of Business**.  The Debtor shall be empowered to take such action as may be necessary to perform its obligations under this Plan.

9.2 – **Management Fees and Costs.**  The Debtor shall be entitled to compensate its officers and directors with reasonable compensation for services following

13

confirmation of the Plan.  Funding for such fees will be derived from the operation of the Debtor's business.

9.3- **Effectuating the Plan**.  On the Effective Date of the Plan, Meers shall be appointed as the agents of the Debtor, pursuant to appropriate corporate law, pursuant to 11 U.S.C. §1142(b) for the purpose of carrying out the terms of the Plan, and taking all actions deemed necessary or convenient to consummating the terms of the Plan, including but not limited to execution of documents.

9.4 - **Disputed Claim Procedure**. Distributions to any class of creditor will only be made on account of Allowed Claims.  In the event that distributions are made at a time that a claim objection is pending before the Court or a judgment has entered to establish a Claim and the judgment is not subject to a Final Order, the portion of the distribution that would be paid to the disputed claimant will be held in an interest bearing bank account until the Claim is Allowed or disallowed.  If Allowed, the Claim will be paid its appropriate share of the withheld payment.  If disallowed, the withheld distribution will be paid on a Pro Rata basis to the remaining impaired Allowed claimants, or if all holders of Allowed Claims have been paid in full, paid to Debtor.

9.5 - **Claims and Litigation Bar Date and Standing**.  All Claim objections and Avoidance Actions in the case must be filed no later than 90 days following the Effective Date.  The Debtor shall have standing to commence, prosecute, and settle claim objections, Litigation, and avoidance actions without need for Court approval.

9.6 - **Administrative Expense Bar Date**.  All applications for allowance and payment of Administrative Claims, including Professional Fees, must be filed within 45 days following the Effective Date of the Plan.

9.7 - **Monthly Installments.**  Whenever the Plan provides for payment in monthly installments or a payment due in a certain month, the payment shall be due on the last day of the calendar month in which the payment is due, unless otherwise specified in the Plan.  The Debtor shall then have a fifteen (15) day grace period within which the monthly payment must be received by the payee before the Debtor shall be in default, unless a longer period is specified elsewhere in the Plan.

9.8 **- Final Decree.**  The Debtor will request entry of a final decree closing the case on or before the later of the date all Claim objections and any pending litigation is concluded or 180 days after the Effective Date of the Plan.

9.9 **- Quarterly Fees.**  Prior to the entry of the final decree, the Debtor shall continue to remit quarterly fees and post-confirmation reports to the United States Trustee, as required by statute.

9.10 - **Exemption from Transfer Taxes.**  Pursuant to Section 1146(c) of the Code, the issuance, transfer, or exchange of notes or equity securities under the Plan by the Debtor, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

9.11 – **Contractual Relationship.**  The Plan, upon confirmation, constitutes a new contractual relationship by and between the Debtor and its creditors.  In the event of a default by the Debtor under the Plan, creditors shall be entitled to enforce all rights and remedies against the Debtor for breach of contract, the Plan.  Any secured creditor claiming a breach of the Plan by the Debtor will be able to enforce all of their rights and remedies including foreclosure of their deed of trust, security agreement, lien, or mortgage pursuant to the terms of such document.  Any creditor claiming a breach by the Debtor must provide written notice to the Debtor of the claimed default, the notice must provide the Debtor a thirty (30) day period within which to cure the claimed default, unless a longer period is specified elsewhere in the Plan.  Upon the Debtor's failure to cure the default within such thirty (30) day period, the creditor may proceed to exercise their rights and remedies.

9.12 – **Independent Provisions.**  Should it be determined by the Court that any provision of the Plan is impermissible or grounds for the denial of confirmation, the Debtor shall have the right, but not the obligation, to delete the impermissible provision and proceed with confirmation of the Plan provided that deletion of the offensive provision would result in a confirmable Plan.

9.13 - **Avoidance Actions.**  The Debtor has authority post-confirmation to pursue all Avoidance Actions for the benefit of creditors and the enhancement of distributions

under the terms of the Plan.  The Debtor shall have sole authority to determine whether to pursue through litigation or settle any avoidance action.  Any settlement shall require notice to creditors and opportunity for a hearing.  The Debtor may retain counsel to recover the Avoidance Actions on reasonable terms without need for Court approval of fees or costs.

9.14 – **Professional Retention Post-Confirmation.**  Court approval shall not be required for either professional retention or compensation following the Effective Date of the Plan.

## ARTICLE X
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

10.1  - On the Effective Date of the Plan, the Debtor hereby assumes those executory contracts and unexpired leases listed in Exhibit A attached hereto and incorporated herein by reference, which have not been assumed by prior Order of the Court prior to the Confirmation Date.  On the date of the entry of an Order confirming the Plan, the Debtor shall be the holders of all right, title and interest to the assumed leases and contracts and such assumed leases and contracts shall be in full effect and binding upon the Debtor and the other parties thereto.  Confirmation of the Plan shall constitute a determination that the payments to be made to said creditors pursuant to the Plan satisfy all conditions precedent to assumption and assignment set forth in 11 U.S.C. §365(b) and (f).

10.2 - On the Effective Date of the Plan, the Debtor will reject all executory contracts and unexpired leases to which they are a party which are listed in Exhibit B, attached hereto and incorporated herein by reference which have not been rejected by prior Order of the Bankruptcy Court prior to the Confirmation Date.  Executory contracts and unexpired leases will be rejected pursuant to the provisions of 11 U.S.C. §365.  Any executory contract or unexpired lease not assumed in accordance with the Plan shall be rejected.

10.3 - An Order confirming this Plan constitutes approval by the Court of the assumption or rejection of the executory contracts and unexpired leases described herein in accordance with the provisions of 11 U.S.C. §365 and the Rules.

10.4 - **Claims Arising from Rejection.**  All proofs of claim with respect to claims arising from the rejection of any executory contract or unexpired lease shall be filed with the Bankruptcy Court within twenty (20) days after the earlier of (i) the date of the Bankruptcy Court order approving the Debtor's rejection of such executory contract or unexpired lease or (ii) the Confirmation Date.  Any claims not filed within such time shall be forever barred against the Debtor, its estate and property and any such Claims shall be disallowed in full. Claims arising from such rejection, to the extent Allowed, shall be treated as a Class 9 Unsecured Claim.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1   **Revestment.**  On the Effective Date of the Plan all property of the estates shall revest in the Debtor free and clear of all liens except those specifically set forth in the Plan or as otherwise provided in the Plan.

11.2   **Retention of Jurisdiction**.  Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

1.   Determination of the allowability of claims upon objection to such claims by the Debtor-in-Possession or by any other party in interest;

2.   Determination of the request for payment of claims entitled to priority under 11 U.S.C. Section 507(a)(2), including compensation of the parties entitled thereto;

3.   Resolution of any disputes regarding interpretation of the Plan;

4.   Implementation of the provisions of the Plan and entry of orders in aid of consummation of the Plan, including without limitation, appropriate orders to protect the revested Debtor from action by creditors;

5.   Modification of the Plan pursuant to 11 U.S.C. §1127;

6.   Adjudication of any causes of action, including avoiding powers actions, brought by the Debtor-in-Possession, by the representative of the estate or by a Trustee appointed pursuant to the Code;

7.   Adjudication of any cause of action brought by the Debtor-in-Possession, Creditors Committee, by a representative of the estate, or by a Trustee

appointed pursuant to the Code, or the revested Debtor exercising rights and powers as provided in 11 U.S.C. §542-549. This section shall not be construed to limit any other power or right which the Debtor may possess under any section of the Code;

8.    To close the case after the Plan becomes effective and reopen it when Plan payments are completed to enter the discharge order; and

9.    Enter a Discharge and Final Decree

11.3 - **Satisfaction of Claims.** The Debtor shall receive a discharge on the Effective Date of the Plan pursuant to Section 1141(d). Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date. This provision shall be operable regardless of whether the Plan provides for any obligation to be evidenced by a rewritten loan or security document following confirmation of the Plan. During the time period from the Confirmation Date through the Discharge Date, no creditor affected by the Plan shall have the right to pursue any claims, either in Bankruptcy Court or State Court, except for any remedies as a result of the Debtor's breach of the Plan. This provision neither expands nor detracts the jurisdiction of the Bankruptcy Court conferred under the Bankruptcy Code.

11.4  **Headings**. The headings used in the Plan are for convenience of reference only and shall not limit or in any manner affect the meaning or interpretation of the Plan.

11.5  **Notices.**   All notices, requests, demands, or other communications required or permitted in this Plan must be given in writing to the party(ies) to be notified. All communications will be deemed delivered when received at the following addresses:

a.    To:

Mesa Oil, Inc.
c/o Lawrence Meers
6395 E. 80th Ave.
Commerce City, CO 80022

With a copy to:

Jeffrey S. Brinen, Esq.
Keri L. Riley, Esq.
Kutner Brinen, P.C.
1660 Lincoln St., Suite 1850
Denver, CO 80264
Fax: 303-832-1510
Email: jsb@kutnerlaw.com
Email: klr@kutnerlaw.com

      b.      To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, or, at the address set forth for the claimant in the Debtor's Schedules filed with the Court.

11.6 - **Successors and Assigns**.  The Plan will be binding upon the Debtor, any creditor affected by the Plan and their heirs, successors, assigns and legal representatives.

11.7  - **Unclaimed Payments**.  If a person or entity entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution or leave a forwarding address in the event notice cannot be provided as set forth in paragraph 11.5, within three months of the Effective Date of the Plan, the person or entity is deemed to have released and abandoned any right to payment or distribution under the Plan.

11.8 - **Committee Existence**.   Any Creditors Committee appointed in the bankruptcy case shall terminate on the Effective Date of the Plan.

## ARTICLE XII
## CONFIRMATION REQUEST

12.1 - The Debtor, as proponent of the Plan, requests confirmation of the Plan pursuant to 11 U.S.C. §1129.  The Debtor will solicit acceptance of the Plan after its Disclosure Statement has been approved by the Court and is transmitted to the creditors, interest holders and parties in interest.  In the event the Debtor does not obtain the necessary acceptances of its Plan, they may make application to the Court for

confirmation of the Plan pursuant to 11 U.S.C. §1129(b).  The Court may confirm the Plan if it does not discriminate unfairly and is fair and equitable with respect to each class of Claims or Interests that is impaired and has not voted to accept the Plan.

DATED: October 25, 2017

MESA OIL, INC.

By: /s/
Lawrence Meers, President

Jeffrey S. Brinen, Esq.
Keri L. Riley, Esq.
Kutner Brinen, P.C.
1660 Lincoln St., Suite 1850
Denver, CO 80264
Telephone:  303- 832-2400
Fax: 303-832-1510
Email: jsb@kutnerlaw.com
Email: klr@kutnerlaw.com

ATTORNEYS FOR DEBTOR

20

**EXHIBIT A**

**Executory Contracts and Unexpired Leases Assumed**

1.   All contracts and leases previously assumed or for which a motion to assume is pending including:

    a.   Lease for real property located at 131 South 57th Avenue, Phoenix, Arizona by and between the Debtor and HollyFrontier Asphalt Company, LLC f/k/a NK Asphalt Partners; and

    b.   Sublease for real property located at 6395 East 80th Avenue, Commerce City, Colorado 80222 by and between the Debtor and Peninsula Holdings, LLC.

2.   All leases and contracts that are not specifically rejected.

**EXHIBIT B**

**Executory Contracts and Unexpired Leases Rejected**

1.      All leases and contracts previously rejected by Court Order or for which a motion to reject is pending.